(79 South. 173)

No. 21530.

BASILE v. VENTURA.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

LIBEL AND SLANDER ⬤112(1)—UTTERANCE OF WORDS—EVIDENCE.

In an action for slander based on words slanderous per se, *held*, on the evidence as to defendant's utterance of such words, that the plaintiff's demand was properly rejected and the suit dismissed.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Frank Basile against Mrs. Mateo Ventura. Judgment for defendant rejecting plaintiff's demand, and plaintiff appeals. Affirmed.

Chas. V. Macaluso, of New Orleans, for appellant. Legier & Gleason, of New Orleans, for appellee.

O'NIELL, J. The plaintiff appeals from a judgment rejecting her demand for $10,-000 damages. She charges that, at a late hour one night, in the presence and hearing of a large congregation of people in front of her home, the defendant cursed and abused her and applied some very scandalous epithets. It is sufficient to say, for the purpose of this decision, that the remarks, if made, were slanderous per se.

The plaintiff and defendant were rivals in the fruit and vegetable business, and were bitter enemies, having their respective places of residence and business opposite one another, on the same street. On the occasion complained of, the plaintiff's nephew and the defendant's son were engaged in a fist fight in front of their homes, at about 2:30 a. m. The defendant's husband, being aroused from his slumbers, ran out into the street, and, without taking time to investigate, fired a pistol into the air to frighten away the disturbers. The defendant followed her husband out into the street, and, fearing he had done something rash, remonstrated with him and escorted him back into the house. In the meantime, very naturally, the Basile family and kin, as well as the Venturas, and a number of neighbors, were attracted to the fight; and we take it from the very conflicting testimony that some uncomplimentary remarks were uttered by the parents of the one and the uncle and aunt of the other of the combatants. Be that as it may, the witnesses who testified for the defendant were as positive that she did not, as were the plaintiff's witnesses positive that the defendant did, make the remarks complained of in this suit. We do not find a preponderance of evidence in favor of the plaintiff. It appears that her husband and the defendant's husband were arrested, as a result of the quarrel; and each had his day in the recorder's court. We

agree with the district judge that the matter should have ended there.

The judgment appealed from is affirmed, at appellant's cost.